# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ANNAMALAI ANNAMALAI, | : | HABEAS CORPUS |
| BOP ID 56820-379, | : | 28 U.S.C. § 2241 |
|     Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:17-CV-4837-TWT-CMS |
| DARRIN HARMAN, Warden, | : | |
|     Respondent. | : | |

## SUPPLEMENT TO FINAL REPORT AND RECOMMENDATION

I issued my Final Report and Recommendation in this case on December 18, 2017, addressing all of the filings submitted by federal inmate Annamalai Annamalai that had then been docketed in this case. *See* [10] (addressing [1], [2], [3], [4], [5], [6] & [7]). The same day, the Clerk received and added to the docket Annamalai's "Verified Second Brief in Support of Petitioner Annamalai's Habeas Petition Pursuant to 28 U.S.C. § 2241." *See* [9]. And a few days later, Annamalai filed and the Clerk docketed a "First Amended Petition for Habeas Corpus Pursuant to 28 U.S.C. [§] 2241." *See* [16]. This Supplement to Final Report and Recommendation addresses Annamalai's "Verified Second Brief" and "First Amended Petition."

Annamalai contends that he is "illegally incarcerated" because this Court and the federal Bureau of Prisons (BOP) did not comply with 18 U.S.C. § 3621(c), 28 U.S.C. § 1691, Federal Rule of Criminal Procedure 32(k), and various BOP Program Statements when he was committed to custody following his conviction for bank fraud and related crimes in *United States v. Annamalai*, No. 1:13-CR-437-TCB (N.D. Ga. Aug. 25, 2014) (the "*Criminal Case*"). Annamalai's arguments are meritless.

Annamalai initially argued that his incarceration was illegal because the docket in the *Criminal Case* did not include a copy of this Court's Order signed by the Honorable Timothy C. Batten, Jr., on July 16, 2015, with the return duly endorsed, committing Annamalai to the BOP's custody. *See* [1]. As I noted in my original Final Report and Recommendation, this claim is contradicted by the record, which includes the endorsed Order. *See* [10] at *passim* (citing *Criminal Case* [619]).

Annamalai now argues in his Second Verified Brief that the copy of the endorsed Order committing him to the BOP's custody that is docketed in the *Criminal Case* is a "fraudulent, manipulative, made up document." [9]. This claim is unsupported by anything other than Annamalai's

conjecture, and I note that the copy of the endorsed Order matches in all material respects the unendorsed Order earlier entered on the docket when Annamalai was convicted (save, of course, for the endorsement). *Compare Criminal Case* [355] *with Criminal Case* [619].

Annamalai also now argues that the endorsed Order in the *Criminal Case* does not conform to the requirements of 18 U.S.C. § 3621(c). *See* [9] at *passim*. Section 3621(c) states: "When a prisoner, pursuant to a court order, is placed in the custody of a person in charge of a penal or correctional facility, a copy of the order shall be delivered to such person as evidence of this authority to hold the prisoner, and the original order, with the return endorsed thereon, shall be returned to the court that issued it." I conclude that Document 619 in the *Criminal Case* conforms in all necessary respects with these statutory requirements. Contrary to Annamalai's contention that the Order must bear a specific caption, *see* [9] at 2, the plain language of § 3621(c) does not require the use of the label "Judgment in a Criminal Case and Commitment Order." Similarly, Annamalai's contention that the Order was required to be "sealed" pursuant to a different federal statute is also without merit because a judgment and

commitment order in a criminal case is neither a "writ" nor "process" within the meaning of 28 U.S.C. § 1691. *Contrast, e.g.*, Fed. R. Civ. P. 4(a)(1)(G) (requiring that a summons in a civil case "bear the court's seal"). And Annamalai's contention that the return is invalid because the Warden of the prison to which he was delivered signed it, rather than a Marshal, finds no support in the text of § 3621(c), which does not specify that it must be a Marshal who executes the return.

Similarly, Annamalai's contention that the Order did not comply with the requirements of Federal Rule of Criminal Procedure 32(k) is also self-evidently wrong, because the Order sets forth the jury's verdict, the adjudication, and the sentence, together with the judge's signature, which is all that Rule 32(k) requires. And Annamalai should recognize that BOP Program Statements do not supersede or expand the requirements of federal statutes or federal procedural rules with respect to the content that federal judges are required to include in criminal judgments.

Here, the Order committing Annamalai to the BOP's custody after he was convicted in the Criminal Case complied with all relevant statutory and

4

procedural requirements, both in the form it issued and in the form it was returned, duly endorsed. *See Criminal Case* [355] & [619].

I note that arguments similar to Annamalai's have been raised by other federal inmates in litigation around the country and that the circuit courts of appeal have consistently rejected such claims. *See, e.g.*, *Satcher v. Hogstein*, 576 F. App'x 221 (4th Cir. 2014) (summarily affirming on appeal the district court's denial of a § 2241 petition alleging that the order committing a prisoner to the BOP's custody was not properly endorsed and returned); *Hall v. Loretto*, 556 F. App'x 72, 73 (3d Cir. 2014) (affirming the denial of a § 2241 petition because "[the prisoner] has not cited, nor have we located, any authority for the proposition that, where the United States Marshal (or his or her deputy) does not complete the 'return' section of a defendant's judgment and commitment order, the defendant's confinement is unlawful and he must be released."). *See also Hall v. Warden Loretto FCI*, 609 F. App'x 51, *passim* (3d Cir. 2015) (affirming the dismissal of Federal Tort Claims Act and civil rights claims premised on an alleged failure by the United States Marshal to complete the 'return' section of the

defendant's judgment and commitment order and on a case manager's alleged related "improper[]" action).[1]

All other arguments raised by Annamalai–including (A) his contention that the United States Attorney General and other federal employees have "admitted the illegal custody of the petitioner and consented to release the petitioner from the illegal custody," [16] at 3, and (B) his contention that this case is controlled by *Ex Parte Sprout*, 1 Cranch C.C. 424 (C.C.D.C. 1807), a case which applies none of the federal statutes or rules of criminal procedure discussed above and has been cited by no other circuit court since 1825–are frivolous.

For the reasons stated above and in my Final Report and Recommendation, I continue to **RECOMMEND** that this case be **SUMMARILY DISMISSED** because it plainly appears from the petition and the record of prior proceedings that Annamalai is not entitled to a

---

[1] I also note that another circuit court has concluded that a federal prisoner's argument that "the judgment and commitment order [in his case was] invalid because it was not signed by the clerk of the court or affixed with the court's seal" and that "he is thus not required to serve that sentence at all, or at least not unless the errors in the judgment and commitment order are corrected" was subject to summary dismissal because such claims cannot be brought at all under 28 U.S.C. § 2241. *Lewis v. United States Parole Comm'n*, 132 F. App'x 659, 660 (7th Cir. 2005).

federal writ of habeas corpus.  *See* [10] at 3 (citing 28 U.S.C. foll. § 2254, Rules 1 & 4).

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO RECOMMENDED AND DIRECTED**, this 27th day of December, 2017.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE